Lawrence H. Meuers, Esq. (SBN 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Stephen Frank Wyrick and Tiffany Lynn Wyrick,<br><br>Debtors. | Case No. 11-50240<br><br>Chapter 7 |
| River Ranch Fresh Foods, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Stephen Frank Wyrick, an individual,<br><br>Defendant. | Adv. Pro.: |

## Complaint to Determine Dischargeability of Debt

Plaintiff, River Ranch Fresh Foods, LLC ("River Ranch"), is a Judgment creditor of Debtor, Stephen Frank Wyrick ("Wyrick"), subject to the trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA"). To ensure its PACA Judgment and claim are not discharged, River Ranch respectfully states the following:

## Jurisdiction and Venue

1. This is an adversary proceeding seeking relief pursuant to FRBP 7001(1) and (6).

2. River Ranch has standing to bring the instant action pursuant to FRBP 4007.

3. This Court has jurisdiction over the subject matter of this adversary proceeding in accordance with 28 U.S.C. §§157, 1334(b) and 11 U.S.C. §105.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

5. This adversary proceeding arises in or relates to the instant bankruptcy case under Chapter 7.

6. This matter constitutes a core proceeding over which this Court has jurisdiction under 28 U.S.C. §157(b)(2).

**Parties**

7. Plaintiff is River Ranch, a Delaware corporation registered to conduct business in California. River Ranch's principal place of business is located in Monterey County, California.

8. River Ranch is in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

9. Debtor and Defendant is Wyrick, an individual. Upon information and belief, Wyrick was the President and Principal of Pride of San Juan, Inc. ("Pride of San Juan"), a California corporation whose principal place of business is located in San Benito County, California.

10. Pride of San Juan was a commission merchant, dealer, or broker subject to PACA, and held a valid PACA license number 19970753 issued by the United States Department of Agriculture.

11. In his capacity as President, Wyrick controlled or was in a position to control the assets of Pride of San Juan. Upon information and belief, Wyrick is a resident of Hollister, California.

**General Allegations**

12. Between November 20 and December 8, 2009, River Ranch sold to Pride of San Juan in interstate commerce, and Pride of San Juan purchased, Produce in the total amount of $54,998.87.

13. Pride of San Juan accepted the Produce that was delivered by River Ranch.

14. Pride of San Juan failed to pay River Ranch from the PACA trust assets for the shipments of Produce listed above at paragraph 12.

15. At the time of the sales underlying this lawsuit, River Ranch held a valid PACA license issued by the USDA.

16. River Ranch gave written notice of its intent to preserve trust benefits to Pride of San Juan by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of its invoices, and by sending those invoices to Pride of San Juan.

17. According to 7 U.S.C. §499e(c), River Ranch is a beneficiary of a statutory trust *res*, designed as a fund from which it is to receive payment in full.

18. The trust became effective at the time River Ranch's shipments of Produce were received by Pride of San Juan.

19. River Ranch is also a creditor, supplier, and seller of Produce as those terms are defined under PACA and as contemplated by 7 U.S.C. §499e(c).

20. River Ranch holds perfected interests as a statutory trust beneficiary in the PACA trust *res* of Pride of San Juan, a non-segregated, "floating trust" as described in PACA, 7 U.S.C. §499e(c).

21. On September 24, 2010, River Ranch obtained a Judgment against Wyrick in the case entitled <u>River Ranch Fresh Foods, LLC v. Pride of San Juan, Inc., et al.</u>, numbered 5:10-cv-02238-JW in the United States District Court for the

Northern District of California, holding Wyrick personally liable for breaching his fiduciary duties under PACA to River Ranch in the amount of $63,460.45. A copy of the Judgment is attached as Exhibit "A."

### Count I

### Exception to Discharge for Defalcation in a Fiduciary Capacity
*11 U.S.C. §523(a)(4)*

22. River Ranch re-alleges paragraphs 1 through 21.

23. As PACA trustee, Pride of San Juan had a duty to maintain PACA trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations, such as those owed to River Ranch.

24. As the President and Principal of Pride of San Juan, Wyrick had a duty to ensure that Pride of San Juan fulfill its duty as a PACA trustee to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations, such as those debts owed to River Ranch.

25. The Bankruptcy Code, 11 U.S.C. §523(a)(4), provides that "[a] discharge under section 727...of this title does not discharge an individual debtor from any debt…for fraud or defalcation while acting in a fiduciary capacity..."

26. The Ninth Circuit standard for defalcation is that no intent to defraud is required. Innocent acts of failure to fully account for money received in trust or bad business decisions will be held as non-dischargeable defalcations. Blyler v. Hemmeter, 242 F.3d 1186 (9th Cir. 2000), citing F.D.I.C. v. Jackson, 133 F.3d 694, 03 (9th Cir. 1998), In re Lewis, 97 F.3d 1182, 1186 (9th Cir. 1996)

27. River Ranch's undisputed PACA trust claim arose from Wyrick's defalcation while acting in a fiduciary capacity to River Ranch and, as such, must be excepted from discharge under §523(a)(4) of the Bankruptcy Code.

WHEREFORE, River Ranch seeks entry of an Order directing as follows:

A) As to Count I, declaring River Ranch's undisputed PACA trust claim against Wyrick in the Judgment amount of $63,460.45, plus post-judgment interest since September 24, 2010, costs, and attorneys' fees are excepted from Wyrick's discharge under §523(a)(4) of the Bankruptcy Code; and

B) For such other relief as the Court deems just and proper.

Respectfully submitted on April 15, 2011.

**MEUERS LAW FIRM, P.L.**

By: /s/ Lawrence H. Meuers
Lawrence H. Meuers (SBN 197663)
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com

*Attorneys for River Ranch Fresh Foods, LLC*

# Proof of Service

I am employed in the County of Collier, Florida. I am over the age of 18 years and not a party to the within action. My business address is 5395 Park Central Court, Naples, Florida 34109-5932. On April 15, 2011, I served

**Complaint to Determine Dischargeability of Debt**

**on the interested party(ies) in this action by transmitting a true and correct copy of each document thereof, as follows:**

☑ I am readily familiar with the business practice for collection and processing for correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection, and mailing on this date, following ordinary business practice in the United States mailed at Naples, Florida.

Stephen Frank Wyrick  
3376 Cienega Rd.  
Hollister, CA 95023

Kari L. Silva  
Campeau Goodsell Smith  
440 N 1st St. #100  
San Jose, CA 95112

Executed on April 15, 2011 at Naples, Florida.

☑ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Loralee Castle  
Loralee Castle

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| River Ranch Fresh Foods, LLC, | NO. C 10-02238 JW |
| Plaintiff, | **JUDGMENT** |
| v. | |
| Pride of San Juan, Inc., et al., | |
| Defendants. | |

Pursuant to the Court's September 24, 2010 Order Granting Plaintiff's Motion for Default Judgment, judgment is entered in favor of Plaintiff River Ranch Fresh Foods, LLC against Defendants Pride of San Juan Inc. and Stephen F. Wyrick.

Judgment is entered in the amount of $63,460.45, which consists of $54,998.87 for contract damages, $3613.58 for pre-judgment interest, $4,848 in fees and costs, and post-judgment interest.

The Clerk shall close this file.

Dated: September 24, 2010

JAMES WARE
United States District Judge

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Lawrence Henry Meuers lmeuers@meuerslawfirm.com

3

4   **Dated: September 24, 2010**                               **Richard W. Wieking, Clerk**

5

6                                                               **By:      /s/ JW Chambers
                                                                    Elizabeth Garcia
7                                                                   Courtroom Deputy**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| River Ranch Fresh Foods, LLC,<br><br>                Plaintiff,<br>   v.<br><br>Pride of San Juan, Inc., et al.,<br><br>                Defendants.<br>                                                              / | NO. C 10-02238 JW<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR DEFAULT JUDGMENT** |

## I.  INTRODUCTION

River Ranch Fresh Foods, LLC ("Plaintiff") brings this action against Pride of San Juan, Inc. ("Pride of San Juan") and Stephen F. Wyrick (collectively, "Defendants"), alleging violations of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C §§ 499 ("PACA").  Plaintiff alleges that Defendants failed to pay for $54,998.87 of produce purchased and delivered.

Presently before the Court is Plaintiff's Motion for Default Judgment.[1]  The Court conducted a hearing on September 20, 2010.  Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiff's Motion for Default Judgment.

## II.  BACKGROUND

**A.    Factual Allegations**

In a Complaint filed on May 24, 2010,[2] Plaintiff alleges as follows:

---

[1]  (Plaintiff River Ranch Fresh Foods, LLC's Notice of Hearing and Plaintiff's Motion for Default Judgment, hereafter, "Motion," Docket Item No. 15.)

[2]  (Complaint for Damages, hereafter, "Complaint," Docket Item No. 1.)

United States District Court
For the Northern District of California

1   Plaintiff is a Delaware corporation registered to conduct business in California.
2   (Complaint ¶ 1.) Plaintiff's principal place of business is in Monterey, California. (Id.)
3   Plaintiff's business consists of selling wholesale quantities of perishable agricultural
4   commodities. (Id. ¶ 2.) Defendants are located in San Benito County, California. (Id. ¶ 3.)
5   Between November 20 and December 8, 2009, Plaintiff sold to Pride of San Juan
6   produce in the total amount of $54,998.87. (Complaint ¶ 8.) Pride of San Juan accepted the
7   produce upon delivery. (Id. ¶ 9.) In accordance with PACA, at the time Pride of San Juan
8   received the produce, it became the trustee of a PACA trust for the benefit of Plaintiff in the
9   amount of $54,998.87. (Id. ¶ 10.) The trust includes Pride of San Juan's inventory of
10  produce, food or products derived from produce, accounts receivable, proceeds of the sale of
11  produce or products, and assets commingled with the purchased or acquired with proceeds.
12  (Id. ¶ 11.) Plaintiff held a valid PACA license number issued by the United States
13  Department of Agriculture at the time of the sales underlying this lawsuit. (Id. ¶ 12.)
14  Plaintiff gave written notice of intent to preserve trust benefits to Defendants on each
15  invoice sent to Pride of San Juan. (Complaint ¶ 13.) Pride of San Juan has not paid for the
16  produce sold to it by Plaintiff. (Id. ¶ 14.) Under PACA, Plaintiff is entitled to trust
17  protection and payment as an unpaid supplier and seller of produce.
18  Wyrick is the President and sole Principal of Pride of San Juan. (Complaint ¶ 41.)
19  Wyrick had full knowledge and responsibility for Pride of San Juan's operations and
20  financial duties. (Id. ¶ 42.) Wyrick had a personal duty to ensure Pride of San Juan's duties
21  as a trustee of the PACA trust. (Id.)
22  On the basis of the allegations outlined above, Plaintiff alleges seven causes of action: (1)
23  Validation of the Trust, 7 U.S.C. §§ 499e(c)(3) and (4); (2) Enforcement of Payment from PACA
24  Trust Assets, 7 U.S.C. § 499e(c)(5); (3) Violation of PACA: Failure to Maintain PACA Trust Assets
25  and Creation of Common Fund, 7 U.S.C. § 499b(4); (4) Violation of PACA: Failure to Pay
26  Promptly, 7 U.S.C. § 499b(4); (5) Breach of Contract; (6) Breach of Fiduciary Duty to PACA Trust

1 Beneficiaries by Wyrick; and (7) Conversion and Unlawful Retention of PACA Trust Assets by
2 Wyrick.

**B. Procedural History**

On May 24, 2010, Plaintiff filed its original Complaint. (See Docket Item No. 1.) On June 15, 2010, Defendants were served with the copies of the Summons and Complaint. (See Docket Item Nos. 6, 7.) On July 12, 2010, the Clerk of Court entered default against Defendants. (See Docket Item No. 10.)

Presently before the Court is Plaintiff's Motion for Default Judgment.

### III. STANDARDS

Pursuant to Fed. R. Civ. P. 55(b)(2), a party may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, the district court must consider which of the seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

**A. Default Judgment**

Plaintiff moves the Court for entry of default judgment against Defendants on the ground that Defendants have failed to appear in this case or file a responsive pleading. (Motion at 2.)

The decision to grant or deny a default judgment under Fed. R. Civ. P. 55(b) is within the discretion of the Court. Eitel, 782 F.2d at 1471-72. Although there is strong public policy favoring decisions on the merits, it is only one factor among several to be considered. Thus, the Court examines whether, under the other Eitel factors, default judgment is appropriate in this case.

1    First, Defendants have failed to defend or otherwise communicate with the Court. Thus,
2 Defendants have made no showing of excusable neglect. If Plaintiff is not granted default judgment,
3 it would be denied the right to judicial resolution of the claims presented and would be without
4 recourse. Thus, the Court finds that Defendants' failure to respond to this action or show excusable
5 neglect, measured against the possibility of prejudice to Plaintiff, favors default judgment.

6    Second, once the Clerk of Court entered default, all well-pleaded allegations regarding
7 liability are taken as true except as to the amount of damages. Fair Housing of Marin v. Combs, 285
8 F.3d 899, 906 (9th Cir. 2002). Here, the Clerk of Court entered default against Defendants on July
9 27, 2010. (See Docket Item No. 10.) Upon review of the Complaint, the Court finds that Plaintiff
10 has adequately alleged that Defendants failed to pay for produce purchased in violation of PACA.
11 Thus, the merits of Plaintiff's claims are deemed valid. Since the allegations are taken as true, there
12 is no possibility of a dispute concerning material facts. Therefore, these factors favor granting
13 default judgment for Plaintiff.

14    With respect to the sum of money at stake, a large amount of money in dispute generally
15 weighs against granting default judgment. See Eitel, 782 F.2d at 1472. Here, Plaintiff seeks
16 compensatory damages in the amount of $54,998.87 for the produce purchased, and other fees and
17 costs for a total judgment of $66,220.88, plus post-judgment interest. (Motion at 6.) While the
18 damages sought here are significant, the amount is not excessive given the allegations. Thus, the
19 Court finds that this factor favors default judgment.

20    In sum, the Court finds the Eitel factors weigh in favor of granting default judgment.
21 Accordingly, the Court GRANTS Plaintiffs' Motion for Default Judgment.

22 **B.    Remedy**

23    Plaintiff moves for the following remedies: (1) monetary damages; and (2) attorney fees and
24 costs. (Motion at 6.) The Court considers each in turn.

### 1.   Monetary Damages

Plaintiff moves for monetary damages in the amount of $54,998.87 for produce sold to Defendants, 18% per annum pre-judgment interest totaling $6,374.07, and post-judgment interests. (Motion at 6.)

In support of its request, Plaintiff has submitted ten invoices showing a total amount of $54,998.87 outstanding.[3]  The Court finds that Plaintiff's invoices and accounting are sufficient to support Plaintiffs' request for damages.  Accordingly, the Court awards Plaintiff monetary damages in the amount of $54,998.87.

Plaintiff also seeks an 18% per annum pre-judgment interest rate totaling $6,374.07.[4] (Motion at 6.)  While it appears that Plaintiff's calculation of 18% of pre-judgment interest is supported by case law where parties to PACA agreements specifically contract,[5] the Court finds that there is no such provision in Plaintiff and Defendants' agreements.  (See generally, De Falco Decl., Ex. C.)  Thus, the Court finds that the 18% pre-judgment interest rate is excessive and awards Plaintiff the statutory 10% rate.  Accordingly, the Court awards Plaintiff pre-judgment interest at the rate of 10% for a total of $3,613.58.[6]

In sum, the Court awards Plaintiff monetary damages in the amount of $58,612.45, which consists of $54,998.87 of contract damages and $3,613.58 of pre-judgment interest.

---

[3] (See Declaration of Steven M. De Falco in Support of Non-Military Status, Amount Due, Costs, and Attorneys' Fees on Behalf of Plaintiff at Ex. C, hereafter, "De Falco Decl.," Docket Item No. 16.)

[4] "[A] district court has broad discretion to award prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2) . . . [A] district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and [ ] such an award absent contract is discretionary."  In general, a plaintiff is entitled to pre-judgment interest at a rate of 10% per annum.  See Cal. Civ. Code § 3289(b).

[5] See, e.g., Middle Mountain Land and Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222 (9th Cir. 2002) (where the parties included language within the invoice that subjected the buyer to the 18% per annum).

[6] The 10% per annum pre-judgment interest rate is calculated by multiplying the amount due on each invoice, by the 10% yearly interest, divided by 365 days, and multiplied by the numbers of days the payments were late from the invoice day.

### 2. Attorney Fees and Costs

Plaintiff moves for an award of attorney fees and costs. (Motion at 6.)

In its discretion, a court "may award reasonable attorney's fees and costs to the prevailing party." 17 U.S.C. § 1203(b)(5).

Here, Plaintiff seeks $4,283 in fees and $565 in costs. Plaintiff has submitted a description of the legal work preformed totaling 15.4 hours at approximately $278 per hour. (De Falco Decl. at 3.) Plaintiff has also submitted a breakdown of its costs which consist of filing fees and service of process. (De Falco Decl., Ex. B.) The Court finds that Plaintiff's request for attorney fees and costs is reasonable.

Accordingly, the Court awards Plaintiff attorney fees and costs in the amount of $4,848.

### 3. Post-Judgment Interest

At issue is whether the Court should award post-judgment interest.

Title 28 U.S.C. § 1961 provides that post-judgment "[i]nterest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by Board of Governors of the Federal Reserve System, for the calendar week preceding."

The Court finds that an award of post-judgment interest is appropriate in the case. Accordingly, the Court GRANTS Plaintiff's request for post-judgment interest.

### V. CONCLUSION

The Court GRANTS Plaintiff's Motion for Default Judgment. The Court awards Plaintiff the sum of $63,460.45, which consists of $54,998.87 for contract damages, $3,613.58 for pre-judgment interest, $4,848 in fees and costs, and post-judgment interest.

Judgment shall be entered in favor of Plaintiff and against Defendants accordingly.

Dated: September 24, 2010

*James Ware*
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Lawrence Henry Meuers lmeuers@meuerslawfirm.com

| | |
|---|---|
| **Dated: September 24, 2010** | **Richard W. Wieking, Clerk** |
| | **By:   /s/ JW Chambers**<br>        **Elizabeth Garcia**<br>        **Courtroom Deputy** |

**United States District Court**
For the Northern District of California